Sundry payments were made by the intestate to the testator to a large amount. Mutter, the testator, made a statement of the balance due him on the bond, thereby claiming only £ 169, Virginian money, in 1798, and offered to take the complainant's bond for that sum, and to deliver him the original bond. In his statement, Mutter had applied the payments to the discharge of the principal, and left the interest unsatisfied, according to the method of applying payments and calculating interest, then observed in the courts of justice. The complainant refused to give his bond for the balance, or in any other manner, to ascertain conclusively the amount then due to Mutter. Mutter died. His executors brought an action at law on the bond; and on the trial applied the payments in discharge of the interest in the first place, and calculated the interest according to the present rule, "of applying payments in discharge of the interest first, and calculating the interest on the balances in such manner as not to calculate interest on interest," and thereby recovered judgment for a much larger sum than £ 169, Virginia money. The bill *Page 524 
prayed, and the complainant had obtained an injunction for the difference.
This cause was several times argued by Duncan Cameron for the complainant, and Leonard Henderson for the defendants.
The principle upon which interest is calculated at this day is different from that which was in use at the time the bond in question was executed. This seems to be evidenced by the opinions entertained by the parties themselves, at the time they attempted to bring about a settlement. It is to be observed that the decisions in our courts, (624) which have fixed the rule by which interest is now calculated, took place on bonds executed when a different rule prevailed. It was not a good objection, in those cases, that the parties, at the time of making the contract, were presumed to have in view a different rule from that which was about to be established. This case must be decided on the same principle. If, indeed, the parties themselves had made a settlement, and an adjustment of their accounts, they would have been bound by it, and the principle adopted by them would be the one which would now govern the Court; but this they have not done. They attempted to make a settlement, but did not effect it. They then stood as if that attempt had not been made.
The covenant binds the covenanter to the delivery of tobacco only, and that at stated times. The endorsement, by enlarging the limits of the covenant, puts it in the power of the covenanter to pay the tobacco, or gold or silver in lieu thereof, whenever he might think proper. I cannot discover how the endorsement affects the present question. It has been properly tried at law, and I think on the proper principle. My opinion, therefore, is that the injunction shall be dissolved.
By the Court: It is the opinion of the Court that the injunction be dissolved, with costs.
NOTE. — See Bunn v. Moore, 2 N.C. 279, and the cases referred to in the note.